**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2098-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAHMIEL ROCK,

    Defendant-Appellant.

_____

> Submitted January 7, 2020 – Decided  January 21, 2020
>
> Before Judges Hoffman and Firko.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 12-02-0273.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Brian D. Driscoll, Designated Counsel, on the brief).
>
> Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica Lucinda do Outeiro, Assistant Prosecutor, of counsel and on the brief; Heather Muh, Legal Assistant, on the brief).

PER CURIAM

Defendant Jahmiel Rock appeals from the January 10, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

We begin with a summary of the testimony elicited at the February 28, 2013 hearing on defendant's motion to suppress, which we set forth in our opinion on defendant's direct appeal. State v. Rock, No. A-1814-14 (App. Div. Aug 1, 2016) (slip op.), cert. denied, 228 N.J. 421 (2016). At the suppression hearing, the State presented testimony from Detective Adam Mendes of the Asbury Park Police Department. Detective Mendes provided the following account:

> At about 10:00 p.m. on November 5, 2011, Officer Mendes was in an unmarked police SUV driven by Lieutenant Dave DeSane accompanied by Officer Eddy Raisin. They were on patrol in a very high-crime area known for gang activity, where Mendes had arrested persons for weapons and drug offenses in the past.
>
> On Bangs Avenue, Mendes observed three men who were walking east. Officer Mendes then observed a Monmouth County Sheriff's Department vehicle activate its lights to conduct a traffic stop further east. When they saw the sheriff's lights, the three men abruptly turned around and began walking west away from the vehicle, their pace quickening "like they didn't want to be near that cop car." Soon thereafter, the three men began walking up a house's driveway. Lieutenant

2

DeSane pulled the unmarked police SUV into the driveway and stopped halfway. DeSane did not activate the patrol lights or siren, and the officers did not say anything to the individuals.

The officers exited the vehicle wearing t-shirts with "Police" printed on them. Defendant walked ahead of the other two men to the top of the driveway where a fence and shrubs made it impossible to cut through to another street. None of the officers had drawn their weapons when Lieutenant DeSane observed defendant take a handgun out of his waistband and discard it near some shrubbery at the fence. DeSane shouted "he's a 41," which is a code used to advise other officers to perform an arrest. Defendant started walking back down the driveway, saying "I ain't doing nothing." Nonetheless, when Officer Mendes attempted to handcuff defendant, defendant violently swung his arm, slipped Mendes's grasp, and ran away. Mendes and Raisin gave chase, apprehended defendant, and placed him under arrest. The police recovered from near the shrubbery a revolver loaded with eight .22-caliber hollow-point bullets, and another .22-caliber bullet.

[Id. at 2-3.]

While defendant did not testify at the suppression hearing, he presented the testimony of the two other men who were present when the incident occurred. Both recounted that they were taking a shortcut through a yard of a home on Bangs Avenue when a black SUV pulled up, police exited with their guns drawn, and ordered all three individuals to get on the ground.

Significantly, both men confirmed that defendant ran when the police approached; in addition, the police recovered a handgun.

In February 2012, a grand jury returned an indictment charging defendant with second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count one); fourth-degree unlawful possession of "dum-dum or body armor penetrating bullets," N.J.S.A. 2C:39-3(f) (count two); and third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3) (count three).

In March 2013, the motion court issued a written opinion denying defendant's motion to suppress the handgun. In doing so, the court adopted the facts testified to by Detective Mendes regarding Lieutenant DeSane's observations and the resulting arrest of defendant and seizure of the handgun. The court found that the officers' initial approach to defendant was a "field inquiry," that "[d]efendant threw the handgun on the ground before police stopped or questioned him," and that "the seizure of the handgun was lawful pursuant to the abandoned property exception to the warrant requirement."

At defendant's jury trial, his attorney attempted to question Lieutenant DeSane regarding documents obtained pursuant to an OPRA[1] request. However, defense counsel failed to provide the documents to the State prior to trial. As a

---

[1] Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to – 13.

result, the trial judge interrupted the testimony and addressed the admissibility of the documents at a Rule 104 hearing. N.J.R.E. 104. The documents concerned two civil settlement agreements involving Lieutenant DeSane. After reviewing the documents and considering the arguments of counsel, the judge rejected the admissibility of the documents, explaining:

> Just so the record is clear, I sat in civil for many years before I came over here, and the mechanism used to settle civil cases has absolutely nothing to do with the merits of a case whatsoever.
>
> Many times[,] cases are settled in lieu of counsel fees, carriers just want to cut their losses. Many insurers just want to make sure their premiums don't go out of whack. So there are many, many components to settlements, none of which have anything to do with this case whatsoever.
>
> We've got a gun that this witness has said came out of this defendant's waistband, was discarded by him in the headlights of a police car, and he retrieved the gun and its been marked into [e]vidence in this court. Those are the issues that are going to be presented to this jury, not some irrelevant information.

On June 18, 2014, the jury returned its verdict, finding defendant guilty on counts one and two; on count three, the jury found defendant guilty of a lesser-included offense, disorderly persons resisting arrest. The trial judge sentenced defendant on count one to seven years of incarceration with three years and six months of parole ineligibility. The judge imposed concurrent

sentences of eighteen months of incarceration on count two, and six months of incarceration on count three.

On December 15, 2014, defendant filed an appeal, and presented the following two points of arguments:

> POINT I — THE ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS SHOULD BE REVERSED BECAUSE THE INITIAL POLICE CONTACT WITH DEFENDANT WAS AN UNLAWFUL INVESTIGATIVE DETENTION, NOT A FIELD INQUIRY, AND BECAUSE DEFENDANT DID NOT ABANDON THE HANDGUN.
>
> POINT II — THE SEVEN (7) YEAR BASE TERM WITH THREE AND ONE-HALF (3 1/2) YEARS OF PAROLE INELIGIBILITY IMPOSED ON DEFENDANT'S CONVICTION FOR UNLAWFUL POSSESSION OF A WEAPON ON COUNT ONE WAS MANIFESTLY EXCESSIVE.
>
> [Id. at 4-5.]

We rejected these arguments and affirmed defendant's conviction and sentence. Id. at 6-14. On January 19, 2017, defendant filed his PCR petition, alleging he received ineffective assistance of counsel.

On September 21, 2018 the PCR judge heard oral argument on the petition. Defendant argued his trial counsel provided ineffective assistance of counsel when he failed to file a motion for a speedy trial. The PCR judge rejected the argument, citing "insufficient evidence on th[e] record to support a

6

finding that defense counsel's failure to file a speedy trial motion was deficient." He explained, "Although the defendant's case did take two years and six months to go to trial, that delay was caused, at least in part, by counsel's decision to file a bail reduction motion as well as a motion to suppress on the defendant's behalf." The judge further found that defendant failed to satisfy the second prong of Strickland[2] because, even if defense counsel filed a motion to dismiss on speedy trial grounds, the motion would likely have been denied.

Defendant also argued his trial counsel was deficient regarding the settlement documents involving Lieutenant DeSane, which the trial judge disallowed following the Rule 104 hearing. The PCR judge rejected this argument, concluding the trial judge excluded the settlement documents because they had no relevance to defendant's case and "even if the report had been turned over to the State prior to trial, it still would have been excluded as irrelevant." Additionally, the PCR judge found defense counsel failing to serve the settlement documents prior to trial had "no moment" to the trial judge's determination to exclude the document as "utterly irrelevant." The PCR judge concluded that defense counsel's alleged errors did not satisfy either prong of

---

[2] Strickland v. Washington, 466 U.S. 668 (1984).

Strickland and found no basis for an evidentiary hearing on either of defendant's claims.

This appeal followed, with defendant raising the following points of argument:

> POINT I: THE PCR COURT ERRED IN REFUSING TO HOLD AN EVIDENTIARY HEARING ON TRIAL COUNSEL'S FAILURE TO PURSUE A SPEEDY TRIAL.

> POINT II: THE PCR COURT ERRED IN REFUSING TO HOLD AN EVIDENTIARY HEARING ON TRIAL COUNSEL'S FAILURE TO INVESTIGATE AND TURN OVER A REPORT REGARDING THE STATE'S MAIN WITNESS.

II.

"A petitioner must establish the right to [post-conviction] relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the petitioner must set forth specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

A defendant must prove two elements to establish a PCR claim that trial counsel was constitutionally ineffective: first, that "counsel's performance was

deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; accord State v. Fritz, 105 N.J. 42, 58 (1987). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Harris, 181 N.J. 391, 432 (2004) (quoting Strickland, 466 U.S. at 694).

To prove the first element, a defendant must "overcome a strong presumption that counsel exercised reasonable professional judgment and sound trial strategy in fulfilling his responsibilities." State v. Nash, 212 N.J. 518, 542 (2013) (internal quotation marks omitted) (quoting State v. Hess, 207 N.J. 123, 147 (2011)). To prove the second element, a defendant must demonstrate "how specific errors of counsel undermined the reliability of the finding of guilt." United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

In assessing a Sixth Amendment speedy trial claim, this court must consider: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his right, and (4) whether defendant was prejudiced by the delay. Barker v. Wingo, 407 U.S. 514, 530 (1972).

A-2098-18T4

In this case, the PCR judge found defense counsel filed a bail reduction motion and a motion to suppress, which in part caused the delay of defendant's trial. The PCR judge found defense counsel acted appropriately in filing these pretrial motions, and the resulting delay was not an unconstitutional denial of defendant's right to a speedy trial. The record supports these determinations. Defendant failed to rebut the strong presumption that counsel did not render adequate assistance and make all significant decisions in the exercise of reasonable professional judgment. Nash, 212 N.J. at 542.

The PCR judge also concluded that defendant failed to satisfy the second prong of Strickland because even if his counsel filed a speedy trial dismissal motion, it would likely have been denied. Therefore, the record reveals defendant's attorney was not deficient in failing to raise a speedy trial claim on defendant's behalf. Strickland, 466 U.S. at 694. Additionally, there was no evidence that defendant was prejudiced by the passage of time, and no proof that any witnesses' memories faded or were reluctant to become involved.

PCR courts are not required to conduct evidentiary hearings unless the defendant establishes a prima facie case and "there are material issues of disputed fact that cannot be resolved by reference to the existing record." R. 3:22-10(b). "To establish such a prima facie case, the defendant must

demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997). Speculative assertions are insufficient to establish a prima facie case of ineffective assistance of counsel. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Defendant argues the PCR judge erred by denying his petition without an evidentiary hearing on his speedy trial claim. The record amply supports the PCR judge's findings and conclusions. As noted, defendant did not show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Unable to demonstrate the required prejudice, defendant failed to establish a prima facie case for this claim. Preciose, 129 N.J. at 462. Accordingly, the PCR judge did not abuse his discretion in denying an evidentiary hearing on this issue.

Additionally, defendant argues the PCR judge erred in denying an evidentiary hearing based on trial counsel's failure to provide the State before trial with the civil settlement documents involving Lieutenant DeSane. The PCR judge reviewed the trial judge's conclusions regarding the documents and found the judge excluded the documents based on relevancy. The PCR judge also found the trial judge's ruling was not affected by counsel's failure to submit

11

the documents to the State prior to trial. Having failed to establish a prima facie case for this claim, defendant was not entitled to an evidentiary hearing. Preciose, 129 N.J. at 462. Accordingly, we conclude the PCR judge did not abuse his discretion in denying an evidentiary hearing on this issue.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2098-18T4